IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In Re: PARAQUAT PRODUCTS LIABILITY LITIGATION** | )<br>)<br>) |
| This Document Relates to: | )<br>) Case No.: 3:21-md-3004-NJR<br>) |
| *Williford et al v. Syngenta Crop Protection LLC* | ) MDL No. 3004<br>)<br>) |
| Civil Action No. 3:23-pq-02887<br>[MD Fla. No. 8:23-cv-01731] | )<br>)<br>) |

**PLAINTIFFS ALLEN AND LYNDA WILLIFORD'S MOTION FOR ENTRY OF A SCHEDULING ORDER AND TRIAL SETTING**

For the reasons set forth below, Plaintiffs, Allen and Lynda Williford (collectively "Plaintiffs"), respectfully move this Court for entry of a scheduling order and trial setting.[1]

## I. INTRODUCTION

Plaintiffs' civil action was transferred to this MDL on August 10, 2023. Unlike other cases in this coordinated proceeding, the parties completed fact and expert discovery before the case was transferred to this Court. A total of 10 case-specific fact witness depositions were taken in the case, including depositions of Plaintiffs, family members, co-workers, and diagnosing and treating physicians.[2] Plaintiffs designated 6 expert witnesses to testify on their behalf, all of whom were deposed by Syngenta. A compulsory medical examination of Mr. Williford and depositions of Syngenta's expert witnesses were also completed prior to transfer.

Following the Court's recent dismissal of the four initial trial selection cases, there is not a single case in the MDL at a more advanced stage than *Williford*. And Plaintiffs' experts in

---

[1] Plaintiffs MDL Leadership does not take a position on the relief sought here.
[2] This does not include depositions of current and former Syngenta employees taken in *Williford* including multiple depositions taking place in the United Kingdom.

Williford are all different than the experts that were disclosed by the plaintiffs in the initial trial selection cases. Furthermore, Plaintiffs' experts employed an entirely different methodology than Dr. Martin Wells in reaching their causation opinions.[3] It is to the benefit of the Court and all parties in this MDL to have a ruling on the admissibility of additional causation experts as early in the proceeding as possible.

Plaintiffs recognize that the Court intends to set a tight schedule for limited discovery and trial for a new set of cases. [Dkt. No. 5238]. However, there is no compelling reason to stay *Williford* while 16 other cases make their way through fact and expert discovery. This is especially true where Plaintiffs will be relying entirely on discovery conducted outside of the MDL and on experts that are not expected to be designated in any of the 16 member cases selected pursuant to the Court's Order of April 17, 2024. [Dkt. 5238].

II.     **PROCEDURAL HISTORY**

Plaintiff Allen Williford, a licensed pesticide applicator, mixed and sprayed Paraquat on a farm in Ruskin, Florida from 1967-1992. Over time, the family's farming operations expanded to cover more than 600 acres, and, at its peak, Mr. Williford was spraying Paraquat more than 30 days per year. After more than 25 years of significant exposure to Paraquat, Mr. Williford was diagnosed with Parkinson's Disease in 2021.

On July 29, 2021, Allen and Lynda Williford filed an action against Syngenta Crop Protection, LLC, Chevron U.S.A., Inc., and Council-Oxford, Inc. in the Circuit Court of the

---

[3] There are many other critical differences in the methodology and opinions of the Willifords' experts versus those designated by the first set of trial selection cases. By way of example, the Williford's cases-specific experts do not rely exclusively on an "odds ratio over two" to conclude that paraquat was a specific cause of Mr. Williford's Parkinson's disease. For a more complete analysis of the differences between the Willifords' experts and those of the recently dismissed trial cases, Plaintiffs direct the Court to its previously filed brief on "Issues Raised at the Paraquat Products Liability Litigation Daubert Hearing" [Williford Dkt No. 17].

County of Hillsborough, Florida. Defendants Syngenta and Chevron removed the case to federal court on September 22, 2021, based on both diversity jurisdiction and federal question jurisdiction. The United States District Court for the Middle District of Florida granted the Willifords' motion to remand concluding that diversity jurisdiction did not exist because Council-Oxford was a properly named defendant and had not been fraudulently joined. Chevron was dismissed without prejudice on April 11, 2022.

The parties actively litigated *Williford* following remand to state court. Pursuant to the Florida state court's Amended Case Management Order the party's deadline for completing fact discovery was January 30, 2023, and the deadline for completion of expert discovery was June 29, 2023. A three-week trial was set to commence on January 8, 2024.

After the close of fact and expert discovery, Plaintiffs voluntarily dismissed defendant Council-Oxford, leaving only Syngenta as a defendant. On August 3, 2023, Syngenta removed the case to the Middle District of Florida based on diversity jurisdiction. Plaintiffs' civil action was transferred to this MDL pursuant to Conditional Transfer Order 44 (CTO-44) entered by the Judicial Panel on Multidistrict Litigation (JPML) on August 10, 2023.

### III. ARGUMENT

#### A. The Court Should Create a Separate Track to Allow for Expedited Consideration of *Williford* In Light of its Advanced Procedural Status

"The purpose of an MDL is multifold and includes avoidance of repetitive discovery compliance, elimination of inconsistent pretrial rulings, and conservation of resources of both the judiciary and the litigants." *In re Paraquat Prod. Liab. Litig.*, No. 3:21-MD-3004-NJR, 2021 WL 9793339 at *1 (S.D. Ill. Nov. 10, 2021); citing *Casey v. Denton*, No. 3:17-CV-00521, 2018 WL 4205153, at *1 (S.D. Ill. Sept. 4, 2018). In implementing procedures to meet these goals, MDL

3

Courts should "not lose sight of the fact that an MDL is comprised of individual actions brought on behalf of individual litigants, each with his or her (or its) own – sometimes unique – rights and interests." *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543, 2015 WL 3619584 at *6 (S.D.N.Y. June 10, 2015). For these reasons, MDL courts are given broad discretion "to structure a procedural framework for moving cases as a whole ***as well as individually***, more so than in an action involving only a few parties and a handful of claims." *In re PPA Prod. Liab. Litig.*, 460 F. 3d 1217, 1232 (9th Cir. 2006)(emphasis added).

The Judicial Panel on Multidistrict Litigation (JPML) has long recognized that the creation of an MDL will inevitably result in the consolidation of cases in markedly different procedural postures. But the JPML leaves it to the discretion of the transferee judge on how to formulate a pretrial program that properly accounts for the management of more advanced cases. *In re Bair Hugger Prod. Liab. Litig.*, 148 F. Supp. 1383,1385-86 (U.S. JPML 2015)("And, to the extent that the somewhat more advanced status of the two actions warrants their expedited treatment, the transferee judge is free to handle them accordingly."). As the JPML noted in a recent transfer order:

> The advanced procedural status of some cases may weigh in favor of expedited remand for trial once the transferee judge has had the time to address any common discovery, summary judgment, and Daubert issues. But we need not decide the exact course of pretrial proceedings in the handful of advanced Profemur actions, as that is a matter dedicated to the discretion of the transferee judge.

*In re Profemur Hip Implant Prod. Liab. Litig.*, 481 F.Supp.3d 1350, 1352 (U.S. JPML 2020); *In re Mirena IUD Prods. Liab. Litig.*, 938 F. Supp. 2d 1355, 1357 (JPML 2018)(finding that the transferee judge is in the best position to incorporate mature actions in a manner that accommodates the progress already made in those cases); *In re Mirena IUS (No. II)*, 249 F. Supp.3d 1357, 1360 (JPML 2017)(same).

One avenue available to the transferee court is the creation of separate tracks for cases in a more advanced posture. *In re Inclusive Access Course Materials Litig.*, 482 F. Supp. 3d 1358, 1359 (JPML 2020); *In re Pork Antitrust Litig.*, 2021 WL 5310590 at *4 (D. Minn. Nov. 14, 2021); *In re EpiPen Mktg. Litig.*, No. 17-MD-27885, 2019 WL 294803 at * (D. Kan. Jan 23, 2019)(MDL ordering separate litigation tracks as envisioned by the JPML). A separate track is especially appropriate in *Williford*; a case that was nearly trial-ready at the time of transfer. All that remains to be done is briefing and determinations on dispositive motions and expert challenges under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). As this case stands alone among the 5,000 cases currently pending in this MDL, Plaintiffs respectfully request that the Court put their case on a separate track to allow for an expedited trial or expedited remand.[4]

### B. The Interests of the MDL Will Not be Served By Holding *Williford* in Abeyance While A New Set of Trial Cases Are Worked Up Through Discovery

Plaintiffs have prepared their own trial package, relying on discovery conducted entirely outside of the MDL and their own expert witnesses.[5] It is evident from the pleadings filed in the initial round of bellwether cases that there are critical differences between *Williford* and the trial cases previously worked up by the PEC, both in terms of trial themes and in the methodology and opinions of the expert witnesses.

---

[4] Plaintiffs are willing to stipulate that their trial can be conducted in the Southern District of Illinois without remanding its case to the transferor forum under *Lexecon v. Milberg Weiss*.

[5] Undersigned counsel represents more than 200 plaintiffs with cases pending in this MDL along with hundreds of other plaintiffs in various state venues including California, Delaware and Pennsylvania. The Miller Firm, in cooperation with other law firms, have been actively developing expert testimony and conducting its own discovery in other jurisdictions. The plaintiffs represented by The Miller Firm in this MDL intend to rely on the experts designated in *Williford* as well as other experts being independently developed by The Miller Firm. These plaintiffs would also utilize discovery and depositions of Syngenta employees taken in *Williford* and other state cases.

Every case in an MDL retains its individual character even though the cases are consolidated for pretrial purposes. *Cannon v. Armstrong Containers, Inc.*, 92 F.4th 688, 710 (7th Cir. 2024). *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 841 (6th Cir. 2020). Therefore, the Court's determination of the parties' rights in an individual case must be based on the record in that case alone. *Id.* at 841. There is no question that the Court's rulings in other bellwether cases may *inform* future claims, but they are not binding on separate, aggregated cases absent an agreement to the contrary. *Cannon*, 92 F.4th at 709-710; *citing Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993)("The systemic urge to aggregate litigation must not be allowed to trump our dedication to individual justice, and we must take care that each individual plaintiff's – and defendant's – cause not be lost in the shadow of a towering mass litigation."); *see also Home Depot USA, Inc. v. Lafarge N. Am., Inc.*, 59 F.4th 55, 68 (3d Cir. 2023).

Because Plaintiffs are not in privity, nor do they have sufficient identity of interest with any of the other potential trial cases, "applying issue preclusion to them would violate their due process rights and the analysis ends." *Cannon*, 92 F.4th at 713. Therefore, the Court will ultimately have to rule on the admissibility of Plaintiffs' experts, and other dispositive issues in *Williford*, regardless of its rulings in the next round of 16 discovery cases.[6] Evidentiary rulings involving authentication and admissibility of documents will also differ based on the different deposition transcripts that the parties seek to admit.

An Order setting a scheduling order and allowing *Williford* to proceed to trial would foster both efficiency and fairness. The initial trial cases were dismissed due to their "inability to establish a causal link between occupational paraquat exposure and Parkinson's disease without

---

[6] The same is true with respect to applying issue preclusion to the MDL discovery selections based on findings in *Williford*.

6

Dr. Wells' testimony." [Dkt. 5238 at 3]. The Court's exclusion of Dr. Wells was specific to the "methodological soundness" he employed in arriving at his opinions. [Dkt 5237 at 78]. Plaintiffs have designated an environmental epidemiologist, and other general causation experts, who employed a different methodology in evaluating the scientific literature and reaching their opinions that Paraquat is causally related to Parkinson's disease. *Williford* provides the Court, and the parties in this MDL, the most efficient means to re-evaluate the admissibility of general causation expert opinions in this litigation.

## IV.    CONCLUSION

Since its inception, this Court has devised case management techniques aimed at facilitating the expeditious, economical, and just resolution of the litigation. To that end, the Court recently ordered the selection of additional cases to be worked up for trial. *Williford* is far more advanced than any of those cases, having already completed general, case-specific and expert discovery. Entering a scheduling order and setting a trial date for *Williford* would safeguard their day-in-court guarantee and procedural interests and also promote the efficient and final resolution of the other complex cases pending in this Court. For these reasons, Plaintiffs respectfully request that the Court issue a scheduling order in their individual case and the setting of a trial date.

Respectfully Submitted,

/s/ Tayjes Shah
Tayjes Shah
The Miller Firm LLC
108 Railroad Avenue
Orange, VA 22960
Phone: 540-672-4224
Fax: 540-672-3055
tshah@millerfirmllc.com

Aimee Wagstaff
Wagstaff Law Firm
940 N. Lincoln Street
Denver, CO 80203
Tel: 303-376-6360
awagstaff@wagstafflawfirm.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 14th day of June 2024, a true and correct copy of the foregoing Motion for Entry of Scheduling Order and Trial Setting was filed electronically with the Clerk of Court using the CM/ECF system which will send a notification of such filing on all counsel of record.

                                              /s/ Tayjes Shah
                                              Tayjes Shah