## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In Re: PARAQUAT PRODUCTS LIABILITY LITIGATION | ) ) ) | |
| This Document Relates to: | ) ) | Case No.: 3:21-md-3004-NJR |
| *Williford et al v. Syngenta Crop Protection LLC* | ) ) ) | MDL No. 3004 |
| Civil Action No. 3:23-pq-02887 [MD Fla. No. 8:23-cv-01731] | ) ) ) ) | |

### PLAINTIFFS ALLEN AND LYNDA WILLIFORD'S REPLY BRIEF IN SUPPORT OF MOTION FOR ENTRY OF A SCHEDULING ORDER AND TRIAL SETTING

Defendant cannot and does not dispute the core fact that the Plaintiffs' case is currently the most advanced in this MDL. Instead, Defendant's opposition is rife with baseless speculation impugning Plaintiffs' counsels' motivations and eliding critical facts. Plaintiffs never sought to be before this Court and never "abandoned" their trial date in state court. It was Defendant who affirmatively chose to twice remove this case to federal court. Yet, they now complain it is bad faith for the Plaintiffs to ask for a trial date in the Defendant's chosen forum. The Plaintiffs are not seeking to jump the line or create a separate leadership. In fact, Plaintiffs conferred with MDL Leadership prior to filing their motion. Plaintiffs simply want their day in court. Now that expert and fact discovery have been completed there is no cause for further delay.

**A. Plaintiffs Have not Engaged in Bad Faith Conduct by Asking for a Trial Date in the Forum Selected by Defendant.**

While Defendant's allegations of bad faith are irrelevant to the present motion, Plaintiffs' take such allegations seriously and feel compelled to respond.

Plaintiffs named Council-Oxford as a Defendant because that is where they purchased

1

Paraquat. There is no bad faith or fraudulent joinder where "Council-Oxford was a distributor and seller of the Paraquat products in the State of Florida and sold the products to Plaintiff who suffered injuries as a result." *Williford v. Syngenta Crop Prot., LLC,* 2021 WL 5155770, at *4 (M.D. Fla. Nov. 5, 2021). Plaintiffs actively litigated against Council-Oxford via written discovery and depositions. After discovery closed, Plaintiffs made the strategic decision to proceed to trial—which was limited to three weeks—against Syngenta alone.

In an analogous case, a court held that it was not bad faith to dismiss a case against a retailer for strategic reasons after engaging in discovery. A "distinction must be drawn between legitimate strategy in high-stakes litigation as opposed to bad faith." *Kleiner v. Johnson & Johnson*, No. CV 21-3366, 2021 WL 3476184, at *3 (E.D. Pa. Aug. 6, 2021). Nor is it bad faith to seek a trial date in this Court or remand to the transferor court where a Defendant intends "to delay trial of this case until the pretrial proceedings in [the MDL] were completed, which could be several years, despite pre-trial proceedings in this case having reached completion." *Id.*

Defendant suggests that somehow Plaintiffs manipulated Defendant into removing this case to federal court because the state court denied Plaintiffs' motion to amend the complaint to add punitive damages. Opp. at 4. Defendant fails to alert the Court that the state court emphasized the ruling was **without prejudice**. The trial court stated "And I also know that we were under a lot of time pressure today …**But I just want to emphasize, it's a denial without prejudice. So if you have something more, you're welcome to come back.** Exhibit A (5/23/2023 Hr'g Tr. at 166:16-24). Plaintiffs specifically advised Defendant that they intended to refile the motion. Exhibit B (7/17/2023 email from D. Dickens to R. Naresh).

Contrary to Defendant's baseless speculation, Plaintiffs did not choose to "abandon" their trial date in state court. Opp. at 7. It was Defendant's choice "to further delay this otherwise-ready

trial" by removing the case to federal court. *Kleiner* 2021 WL 3476184, at *4.

Plaintiffs did agree not to fight Defendant's second removal attempt if Defendant agreed not to accuse Plaintiffs of engaging in bad faith tactics in the notice of removal. In a July 17, 2023 email, Plaintiffs' counsel stated:

> As we discussed on Friday, we expect to resolve plaintiffs' claims against Council Oxford this week at which time we'll be filing a notice of dismissal.
>
> If Syngenta removes the case to federal court on the basis of diversity jurisdiction alone, Plaintiffs will not seek remand to state court for improper removal. If, however, Syngenta's removal contains any allegations of bad faith or fraudulent joinder, plaintiffs will, out of necessity, seek a remand to state court.
>
> I'd appreciate you letting me know if Syngenta intends to file a notice of removal based on these representations as soon as possible. If so, we will forego the filing of our motion to amend the complaint to add a claim for punitive damages.
>
> Plaintiffs, of course, will reserve their right to seek a remand from the MDL to the transferor (federal) court as appropriate. Plaintiffs also reserve their right to seek leave to amend their complaint in the MDL or federal court.

Exhibit B. Absent Defendant's removal of this case to federal court—and the agreement now broken by Defendant—Plaintiff would have proceeded to trial in January 2024.[1]

Finally, Plaintiffs have made no attempt to "jump the line" or upset the "orderly bellwether process" as claimed by Defendant. Plaintiffs simply want to bring their case to trial in this court or on remand to a Florida federal court after pretrial motion rulings. Plaintiff did not file this motion until after the Court's *Daubert* decision. At that point, the Plaintiffs' case became the most procedurally advanced case in the litigation.

**B. The Court Should Reject Defendant's Request to Conduct Duplicative Expert**

---

[1] As evidenced by the baseless allegations of "bad faith" levied against Plaintiffs' in Defendant's Opposition to the instant motion, Defendant's would have likely removed this case immediately after the dismissal of Council-Oxford any way, putting the January 2024 state court trial date in jeopardy regardless of Plaintiffs' agreement. Defendant made a strategic decision to remove this case to federal court and yet accuses Plaintiffs of gamesmanship for nothing more than asking for their day in court.

3

**Discovery Simply Because They Removed the Case to their Chosen Forum**

As Defendant acknowledges, expert discovery was completed prior to Defendant's choice to remove this case to federal court. Opp. at 11.  Defendant does not and cannot claim that they have not been fully apprised of the opinions being offered by Plaintiffs' experts; nor could they claim unfair surprise.  There is no basis to redo expert discovery simply because Defendant chose to move this case to their desired forum.

Federal Rule of Civil Procedure 26(a)(2)(B) does not create an absolute requirement for expert reports.  Rule 26 explicitly provides discretion to the Court to waive the requirement for reports.  *Id.* (Expert reports required "[u]nless otherwise stipulated or ordered by the court…"). Even absent a court order, an expert cannot be excluded for failing to provide a report unless "the party's failure to comply with Rule 26(a) was both unjustified and harmful to the opposing party." *Sherrod v. Lingle*, 223 F.3d 605, 612 (7th Cir. 2000).  Rule 26(a) is not designed to elevate form over function, but rather "to aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." *Id.* at 613.  In the absence of reports, a deposition of an expert "eliminates any prejudice or surprise." *Digital Ally, Inc. v. DragonEye Tech., LLC*, No. 13-2290-CM, 2015 WL 3966308, at *1 (D. Kan. June 30, 2015) ("it is significant to the court that defendant took the deposition of Mr. Phillips. Defendant has had ample time and opportunity to prepare for Mr. Phillip's testimony."); *Gaines v. Chicago Bd. of Educ., No*. 19 C 775, 2024 WL 640802, at *10 (N.D. Ill. Feb. 15, 2024).

Here, it is justified for some Plaintiffs' experts to not have submitted expert reports where they were under no obligation to do so under state law; and Defendant then opted to remove the case to federal court.  Defendant makes no claim of prejudice or surprise. Defendant is well aware

of the Plaintiffs' experts' opinions after subjecting them all to exhaustive questioning at deposition; receiving a list of all material relied upon; receiving their C.V.s; and receiving an extensive disclosure statement. Exhibit C (Williford Expert Disclosure). Defendant's experts were also able to submit responsive reports after Plaintiffs' experts were deposed.

Additionally, it is not true "that *none* of the *Williford* Plaintiffs' experts have submitted reports." Def. Opp. at 11. For example, Dr. Beate Ritz's expert disclosure included "Expert Reports of Dr. Ritz… produced in *Hoffmann v. Syngenta Crop Protection*, LLC, et al., No. 17-L-517 (Ill. Cir. Ct., 20th Jud. Cir.)" Ex. C at 8. In addition to her two reports submitted in *Hoffman*, Dr. Ritz is an acclaimed epidemiologist widely published on the issue of Paraquat and Parkinson's disease[2]; has previously submitted an amicus brief to the 9th Circuit Court of Appeals challenging the EPA's registration of Paraquat[3]; and has been deposed three times to date in the Paraquat litigation. Plaintiff also submitted written reports from a life care planner, Linda K. Schwieger, and human factors expert Dr. Vrendenburg. Finally, Dr. Deborah Burke, Mr. Williford's treating neurologist—who is offering the opinion that Mr. Williford's "extensive Paraquat use" is a likely cause of his Parkinson's disease—is a non-retained expert who is not required to submit a report under Rule 26(a)(2)(C). Exhibit D (Burke Tr. at 55:10-56:19).

## CONCLUSION

For the aforementioned reasons, the Court should grant Plaintiffs' Motion For Entry Of A Scheduling Order And Trial Setting.

---

[2] *See e.g.* KC Paul, M Cockburn, Y Gong, J Bronstein, B Ritz, *Agricultural paraquat dichloride use and Parkinson's disease in California's Central Valley*, International Journal of Epidemiology, Volume 53, Issue 1, February 2024, dyae004, https://doi.org/10.1093/ije/dyae004 ("This study provides further indication that paraquat dichloride exposure increases the risk of Parkinson's disease").
[3] https://clinics.law.harvard.edu/environment/files/2022/06/Greenamyre-et-al-amicus-brief-06.01.22.pdf

Respectfully Submitted,

/s/ Tayjes Shah
Tayjes Shah
The Miller Firm LLC
108 Railroad Avenue
Orange, VA 22960
Phone: 540-672-4224
Fax: 540-672-3055
tshah@millerfirmllc.com